# United States Court of Appeals
# for the Fifth Circuit

No. 22-50057
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2022

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDUARDO GUADALUPE MELENDREZ-SOBERANES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-220-1

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Eduardo Guadalupe Melendrez-Soberanes challenges his sentence for conspiracy to possess with intent to distribute cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C). According to Melendrez-Soberanes, the district court erred when it held him accountable for 25 kilograms of cocaine.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-50057

We review the district court's interpretation and application of the Guidelines de novo and the district court's factual findings for clear error. *United States v. Barfield*, 941 F.3d 757, 761 (5th Cir. 2019). The district court's drug quantity calculation is a factual determination that we review for clear error. *Id.*

In determining the quantity of methamphetamine involved in the offense, the district court considered the case agent's approximation of unrecovered drugs based on the agent's training, photos of the packages, and a coconspirator's testimony. *See id.*; U.S.S.G. § 2D1.1 & comment. (n.5). Melendrez-Soberanes proffered no evidence that the cash seized reflected the scale of his trade in cocaine better than the testimony derived from the photographs. *See United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006); § 2D1.1, comment. (n.5). Thus, Melendrez-Soberanes fails to show that the district court clearly erred in relying on the quantity derived from those approximations. *See Valdez*, 453 F.3d at 267. Because the cocaine quantity that the district court attributed to Melendrez-Soberanes is plausible in light of the record as a whole, *see Barfield*, 941 F.3d at 761, the judgment of the district court is AFFIRMED.